SAM TAYLOR, Judge.
Joe Roger Calhoun was convicted of the murder of Nelson Cross by shooting him with a shotgun. He was sentenced to twenty-one years’ imprisonment.
I
Appellant first contends that the trial court erred in refusing to charge the jury regarding the use of force in defense of premises as described in Ala.Code § 13A-3-25(b)(2). Appellant Calhoun killed the victim by shooting him at close range in the left eye with a shotgun just as the victim put his foot on the second doorstep leading to the porch of a house occupied by Calhoun and 17 members of his family.
The appellant neither requested a charge on § 13A-3-25(b)(2) nor submitted a written requested charge on this subject. However, appellant claims, even in the absence of an adverse ruling, that the trial court was guilty of plain error in failing to charge on § 13A-3-25(b)(2). We previously held in Craft v. State, 402 So.2d 1135 (Ala.Cr.App.1981), that: “The remedy for supplying a pertinent principle of law omitted from the court’s oral charge is to submit a written charge which supplies the omitted principle.” Snider v. State, 406 So.2d 1008 (Ala.Cr.App.), cert. denied, 406 So.2d 1015 (Ala.1981).
The facts indicate that the victim, who was drinking, was having a dispute with his girlfriend, who was a member of the Calhoun family. He appeared that day at the Calhoun house with a pump shotgun, which was taken from his car by the appellant. The victim left and later returned with a single-shot shotgun. He handed this shotgun to Bobby Calhoun and said, “I didn’t come back for no trouble, I just came back after my first gun that Joe took.” Bobby Calhoun unloaded the single-shot shotgun and handed it to Kindness Swain, who put it in his own car. (R 97-98) The victim was variously quoted as saying, “[If] you sleep tonight ... I’m going to burn down this house” (R 180); “I’ll be back ... no one could sleep there.” (R 197) These threats were allegedly made while the victim was standing in the yard. The victim did not have any apparent means to start a fire as he approached the house, although a cigarette lighter was later found in his pocket. The victim was shot while he was walking up the steps of the house. After Cross was shot, Sam Calhoun put the single-shot shotgun under his (the victim’s) body. (R 100-1)
It is apparent from appellant’s own testimony that the victim did not use deadly physical force in a manner defensible under § 13A-3-25(b)(2). As he stated: “I didn’t look and see whether he had a gun in his hand or not. I just shot.” (R 209) The appellant later testified that he fired because: “If I hadn’t shot [Cross], he would have killed me or somebody....” Under these factual circumstances, it was certain *1378 ly proper for the court not to charge on § 13A-3-25(b)(2).
II
The appellant next contends that the court erred in sustaining the State’s objection to appellant’s offer of proof that the deceased had wounded appellant’s brother three years earlier by shooting into a trailer occupied by members of the appellant’s family.
The question of whether to allow testimony as to a previous act of violence of the deceased is a matter of discretion with the trial court. See, C. Gamble, McElroy’s Alabama Evidence § 63.01(3) (3d ed. 1977). The factors to be considered in such a ease are (1) the distance between the time and place of the former and the present act; (2) the presence or absence of kinship or friendship between the victim of the former act and the accused; (3) the relation between the accused and the deceased after the accused was informed of the former act of violence; and (4) the similarity or dissimilarity of the immediate facts of the presently charged homicide to the facts of the reported former act of violence.
It is clear that the victims of the former act and the appellant in this case are related to each other. The distance in time between the previous act and the present murder was approximately three years. The deceased and the appellant had, in the interval between the two incidents, associated with each other on amicable terms and had visited at each other's home as well as their parents’ homes. (R 30-31) (R 173-174) In addition, the two incidents appear substantially dissimilar. We hold, therefore, that the trial court did not abuse its discretion in any way by excluding testimony as to the previous act of violence by the victim directed toward persons other than the defendant himself.
On the basis of the foregoing, the judgment should be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.